UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL SMITH,<br>             Plaintiff,<br>   v.<br>SONOMA COUNTY, CALIFORNIA, et al.,<br>             Defendants. | Case No. 24-cv-07204-DMR<br><br>**ORDER GRANTING IFP APPLICATION AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

Self-represented Plaintiff David Michael Smith filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1 (Compl.), 2 (IFP).] Having considered Plaintiff's papers, the court grants the IFP application and finds that the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Plaintiff must file a first amended complaint that addresses the deficiencies identified in this screening order by **December 3, 2024.**

I.    **LEGAL STANDARD**

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a).

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that Plaintiff may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section

1  1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under

2  the IFP statute.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

3        To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is

4  an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded."  *Franklin*

5  *v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Courts have the authority to dismiss

6  complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction.

7  *Id.* at 1228.  A court can also dismiss a complaint where it is based solely on conclusory

8  statements, naked assertions without any factual basis, or allegations that are not plausible on their

9  face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89

10 (2007) (per curiam).

11       Although pro se pleadings are liberally construed and held to a less stringent standard than

12 those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or

13 portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts

14 to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

15 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] district court should not dismiss a pro se

16 complaint without leave to amend unless it is absolutely clear that the deficiencies of the

17 complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

18 2012) (quotations omitted).

19 **II.   DISCUSSION**

20       Having evaluated Plaintiff's financial affidavit, the court finds that Plaintiff has satisfied

21 the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed

22 IFP.  *See* 28 U.S.C. § 1915(a).  However, the court finds that the complaint fails to state a claim on

23 which relief may be granted pursuant to 28 U.S.C. § 1915(e).

24       Plaintiff brings claims under 42 U.S.C. § 1983 against Defendants Sonoma County and the

25 City of Petaluma, alleging that Defendants unlawfully removed his two children and thus deprived

26 him of due process.  Compl. 3-4.  These events occurred in the City of Petaluma in Sonoma

27 County, but at some point, Plaintiff became homeless and is now living in San Francisco.

28       The allegations regarding the removal of Plaintiff's children are unclear.  The text of the

United States District Court
Northern District of California

complaint is partially unreadable due to formatting issues, and the readable portions are difficult to follow. Plaintiff alleges he is the father of a daughter and a son who were removed from his custody. Compl. 4. Plaintiff alleges that either on April 6, 2024 or in September 2024 (the complaint is unclear), Plaintiff's daughter notified her school that she was being abused by her mother. *Id.* Sonoma County's Child Protective Services Department ("CPS") notified Plaintiff that it had opened a CPS case, but then closed the case without informing Plaintiff. *Id.* Plaintiff alleges that he "has not seen nor spoken to his daughter (12 yrs. old) in over two months." *Id.* at 5. On October 5, 2024 at 10:00 am, Plaintiff's son was removed from his home. *Id.* at 4. A Petaluma Police Department officer, at the instruction of CPS, served an emergency protective order ("EPO") on Plaintiff which prevented Plaintiff from coming near his child or his child's school. *Id.* Plaintiff alleges that the EPO was not legitimate because the serving officer "admitted she had not personally talked to the issuing judge, was unsure of the judge's full name, and filled the EPO form out in front of Plaintiff, after verbally telling him of it and taking the child." *Id.* Plaintiff was provided a copy of the EPO, but it was too faint to read. *Id.* Plaintiff called the Petaluma Police Department on October 6, 2024, but was informed that the EPO was valid. *Id.*

Section 1983 creates a civil cause of action against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives another person of any of their "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff's complaint does not include facts supporting that his constitutional rights were violated. The complaint does not clearly state the alleged misconduct regarding the removal of Plaintiff's daughter. Plaintiff alleges that his daughter reported to her school that she was being physically and emotionally abused by her mother, that the "events are ongoing," and that CPS closed the abuse investigation without informing him. Compl. 4. It is not clear how this was connected to Plaintiff's loss of custody, or what constitutional right was violated. The complaint

3

also does not state a claim regarding the removal of Plaintiff's son. The First, Fourth, and Fourteenth Amendments provide a guarantee "that parents will not be separated from their children without due process of law except in emergencies." *Keates v. Koile*, 883 F.3d 1228, 1236–37 (9th Cir. 2018) (quoting *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107–09 (9th Cir. 2001)). "Officials may not remove children from their parents without a court order unless they have 'information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury.' . . . Such 'reasonable cause' arises, for example, where there is evidence of imminent abuse after sufficient investigation." *Id.* (quoting *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294-95 (9th Cir. 2007)). Plaintiff's complaint appears to allege that his son was removed from his custody without a valid court order, but he does not explain the reasons the order was invalid.[1] Even if Plaintiff could successfully plead that the EPO was unlawful, Plaintiff does not allege an absence of reasonable cause to remove his son. In short, Plaintiff has not pleaded a constitutional violation.

In addition, a municipality cannot be held vicariously liable for its employees' actions under section 1983. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). To establish municipal liability, plaintiffs "must prove that 'action pursuant to official municipal policy' caused their injury." *Id.* (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691 (1978)). Official municipal policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the

---

[1] "The [California Domestic Violence Prevention Act] provides for the issuance of EPOs on an emergency *ex parte* basis. The officer requests an EPO from a judicial officer. . . . While an officer may apply for an EPO orally, including over the telephone, a law enforcement officer who requests an EPO 'shall reduce the order to writing and sign it.' . . . Once reduced to writing, the officer must serve a copy of the application and the EPO on the restrained person, give a copy of the EPO to the protected person, and file a copy of the EPO with the issuing court." *Dominguez v. Los Angeles Cnty. California Sheriff Dep't*, No. CV 18-371-GW(AGRX), 2018 WL 2282588, at *3 n.3 (C.D. Cal. May 16, 2018) (citing Cal. Fam. Code §§ 6250, 6270, 6271).

Plaintiff alleges that he is "concerned about the legitimacy of the EPO." Compl. 4. Plaintiff does not explain why it is unlawful for the serving officer to fail to personally talk to the issuing judge, and why it is unlawful to reduce the EPO to writing in front of Plaintiff. Additionally, EPOs are not permanent and in no case may last for more than one week. See Cal. Fam. Code § 6256. Plaintiff seems to allege that he has permanently lost custody over his children. Additional facts are necessary to determine whether Plaintiff can state a claim.

1 force of law." *Id.* at 61 (citations omitted).  Such policy or practice must be a "moving force

2 behind a violation of constitutional rights."  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th

3 Cir. 2011) (citing *Monell*, 436 U.S. at 694).  Plaintiff fails to allege that the officers who wronged

4 him were acting pursuant to an official municipal policy of Defendants.  *See Mitchell v. Cnty. of*

5 *Contra Costa*, 600 F. Supp. 3d 1018, 1026-27 (N.D. Cal. 2022) (discussing legal standards for

6 *Monell* liability).  Therefore, Plaintiff has failed to allege that either Sonoma County or City of

7 Petaluma can be liable.

8         Plaintiff offers several other confusing allegations.  Compl. 5.  He claims that he "fears

9 going back to Sonoma County due to threats of arrest and refusal of Petaluma Police to answer

10 multiple requests for warrant information."  *Id.*  He alleges that Defendants "follow Plaintiff to

11 motels, parks, beaches, and the VA Hospital using a law enforcement tracking device and digital

12 hacks of his cell phone, motel wireless feeds, and vehicle Bluetooth/GPS sytem [sic]. . . .

13 Defendants attempt to frustrage [sic] and delay Plaintiff's ability to bring this suit by disabling his

14 vehcile [sic], threatening his life, and conditioning his employment on his not bringing this

15 action."  *Id.*  The allegations of Defendants stalking Plaintiff appear "wholly fanciful" or not

16 plausible on their face.  *See Franklin*, 745 F.2d at 1227-28; *Ashcroft*, 556 U.S. at 677-78.  In

17 addition, Plaintiff provides no context for the "threats of arrest" he faces from Sonoma County, so

18 the court cannot evaluate whether his constitutional rights were violated.

19         In summary, Plaintiff has failed to state a claim for relief.

20 **III.   CONCLUSION**

21         For the reasons above, the court **grants** Plaintiff's IFP Application and finds that the

22 complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e).  Plaintiff must file a first amended

23 complaint addressing the deficiencies identified in this order by **December 3, 2024.**  If Plaintiff

24 does not file a timely first amended complaint, the court will recommend that this action be

25 dismissed.  The Initial Case Management Conference set for January 29, 2025 is VACATED and

26 will be re-set by the court at a later date.

27         Plaintiff's complaint indicates that he does not have a mailing address.  The Clerk is

28 directed to serve Plaintiff at the e-mail address listed on his complaint.  If Plaintiff acquires a

5

1  mailing address, he shall follow Civil Local Rule 3-11 and promptly file his address with the

2  court. The court refers Plaintiff to the section "Representing Yourself" on the Court's website,

3  located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for

4  unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing

5  fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: November 7, 2024



DONNA M. RYU
Chief Magistrate Judge